HUMAN RIGHTS COMMISSION REFERRAL CHARGE A local commission may refuse to take action specified by the State Commission under the authority of the provisions of Section 25 O.S. 1705 [25-1705]. The Attorney General is in receipt of your opinion request wherein you ask, in effect, whether a local commission of the State Human Rights Commission can refuse to take action specified by the State Human Rights Commission. Title 25 O.S. 1705 [25-1705] (1971), sets forth the responsibilities of a local commission after receipt of a referral charge from the State Human Rights Commission. Section 25 O.S. 1705 [25-1705] provides: "(a) The State Commission "(1) whether or not a complaint has been filed under this Act, may refer a matter involving discrimination because of race, color, religion, sex, or national origin to a local commission for investigation, study and report, and "(2) May refer a complaint alleging a violation of this Act to a local commission for "(i) investigation "(ii) determination whether there is reasonable cause to believe that the respondent has engaged in a discriminatory practice, or "(iii) assistance in eliminating a discriminatory practice by conference, conciliation or persuasion. "(b) Upon referral by the State Commission, the local commission shall make a report and may make recommendations to the State Commission and take other appropriate action within the scope of its powers." While Section 1705 authorizes the State Commission to refer a matter involving violations of this Act, the provisions of Section 1705 are clear that the local commission has the legal duty after receipt, to investigate, study and report on such charge and make a report and may set forth recommendations to the State Commission and take other appropriate actions. The duties of the local commission set forth in Section 1705, clearly reflect that it was the intent of the Legislature that the local commission, after study and investigation, make the determination of whether a discriminatory act occurred. Thus, the language of the statute being plain, clear and unambiguous, it must be afforded the meaning and effect intended by the Legislature. Hines v. Winters, Okl., 320 P.2d 1114; Watts v. Campbell, Okl., 450 P.2d 203. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. A local commission may refuse to take action specified by the State Commission under the authority of the provisions of Section 1705. (Nathan J. Gigger) ** SEE: OPINION NO. 75-124 (1975) **